UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CYNTHIA VILLAGOMES,<br><br>            Plaintiff,<br><br>vs.<br><br>LABORATORY CORPORATION OF AMERICA, a Delaware corporation; LABORATORY CORPORATION OF AMERICA HOLDINGS, a Delaware corporation; ON DEMAND, INC. d/b/a ACCURATE COURIER & LOGISTICS, a Nevada corporation; LAS VEGAS SURGICARE, INC. d/b/a LAS VEGAS SURGERY CENTER, a Nevada corporation; ROE CORPORATIONS 1–50, inclusive, and DOES 1–50, inclusive,<br><br>            Defendants. | Case No.: 2:08-cv-00387-RLH-GWF<br><br>**O R D E R**<br><br>(Motion to Remand for Lack of Subject Matter Jurisdiction–#76; Countermotion to Dismiss–#88; Countermotion to Dismiss–#89; Countermotion to Dismiss–#90) |

Before the Court is Plaintiff Cynthia Villagomes' **Motion to Remand for Lack of Subject Matter Jurisdiction** (#76), filed June 2, 2010. The Court has also considered Defendant Accurate Courier & Logistics' ("Accurate") Opposition and Countermotion to Dismiss (#88), filed June 23, 2010, Defendant Laboratory Corporation of America's ("LabCorp") Joinder to Opposition and Countermotion to Dismiss (#89), filed June 23, 2010, Defendant Las Vegas

1

Surgicare d/b/a Las Vegas Surgery Center's ("Surgery Center") Countermotion to Dismiss (#90), filed June 23, 2010, and Supplement to Joinder to Opposition (#92), filed June 30, 2010, Villagomes' Reply (#93), filed July 9, 2010, and LabCorp's Reply (#97), filed July 20, 2010.

## BACKGROUND

This cause of action arose out of the loss of Villagomes' surgically excised tumor. On March 3, 2008, Villagomes filed suit in Nevada state court against LabCorp alleging claims for (1) negligence; (2) negligent infliction of emotional distress; (3) intentional infliction of emotional distress; and (4) trespass to chattel. On March 26, LabCorp removed the case to this Court based on the diversity of the parties. On May 21, Villagomes amended her Complaint to include a demand for a jury trial. On June 19, 2009, Villagomes filed an Emergency Motion to Extend Date to Add New Parties and for Addition of Certain Parties. In this Motion, Villagomes stated that she learned at the deposition of a LabCorp employee on May 18, 2009, that a representative from Accurate, acting on behalf of LabCorp, had actually signed for the tumor on the day of her surgery. Villagomes further stated that prior to this deposition, she had been under the impression that the person who picked up the tumor was a representative of LabCorp. The Court granted Villagomes' request to add new parties on July 16. On July 21, Villagomes filed a Second Amended Complaint in which she named Accurate and Surgery Center, Nevada corporations, as defendants.

On June 2, 2010, nearly a year after amending to add these Nevada corporations, and after much further litigation and discovery in this Court, Villagomes filed this motion to remand for lack of complete diversity. In response, LabCorp, Accurate, and Surgery Center filed countermotions to dismiss. For the reasons discussed below, the Court denies these motions.

## DISCUSSION

**I.     Villagomes' Motion to Remand**

Villagomes was aware, or should have been aware, that joinder of Surgery Center and Accurate would destroy diversity at the time requested leave to amend and when she amended her complaint to add them more than one year ago. Plaintiffs cannot add parties solely for the

2

purpose of destroying diversity. The Court finds that Villagomes delayed far too long in moving to remand this case to state court and therefore the motion is untimely. Remand would unfairly prejudice all of the defendants involved and would be a waste of judicial resources as this Court has already spent a significant amount of time with this case. Therefore, the Court denies Villagomes' motion to remand.

**II.     LabCorp, Accurate, and Surgery Center's Countermotions to Dismiss**

Defendants bring motions to dismiss but actually request that the Court readdress its order allowing Villagomes to amend her complaint and add additional parties. In the alternative, Defendants request that the Court sever the recently added parties. Defendants have not presented sufficient reason for the Court to take either of these actions. Therefore, the Court denies Defendants' motions.

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Villagomes' Motion to Remand for Lack of Subject Matter Jurisdiction (#76) is DENIED.

IT IS FURTHER ORDERED that Accurate's Countermotion to Dismiss (#88), Surgicare's Countermotion to Dismiss (#89), LabCorp's Countermotion to Dismiss (#90) are DENIED.

Dated: September 20, 2010

_____
**ROGER L. HUNT**
**Chief United States District Judge**