# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CYNTHIA VILLAGOMES, an individual, | Case No.: 2:08-cv-00387-RLH-GWF |
| Plaintiff, | **O R D E R** |
| vs. | (Motion for Summary Judgment–#108, Motion for Summary Judgment–#109, Motion for Summary Judgment–#110) |
| LABORATORY CORPORATION OF AMERICA, a Delaware corporation; LABORATORY CORPORATION OF AMERICA HOLDINGS, a Delaware corporation; ON DEMAND, INC. d/b/a ACCURATE COURIER & LOGISTICS, a Nevada corporation; LAS VEGAS SURGICARE, INC. d/b/a LAS VEGAS SURGERY CENTER, a Nevada corporation, | |
| Defendants. | |

Before the Court is Defendants Laboratory Corporation of America and Laboratory Corporation of America Holding's (collectively "LabCorp") **Motion for Summary Judgment** (#108), filed December 8, 2010. Also before the Court is Defendant Las Vegas Surgicare, Inc. d/b/a Las Vegas Surgery Center's ("Surgicare") **Motion for Summary Judgment** (#109), filed December 8, 2010. Finally before the Court is Defendant On Demand, Inc. d/b/a Accurate Courier & Logistics' ("Accurate") **Motion for Summary Judgment** (#110), filed December 8, 2010. The

1

Court has also considered the various Oppositions (##117, 118, 116), Replies (##120, 121, 119), and Joinders (##112, 115, 123, 124) filed by the parties.

## BACKGROUND

In November 2005, Plaintiff Cynthia Villagomes consulted with a dermatologist regarding a small red bump that had formed on her throat. The dermatologist performed a biopsy and determined that the bump was a malignant tumor. The doctor then referred Villagomes to Dr. Kingsley at the Comprehensive Cancer Center for further evaluation. After running a variety of tests, Dr. Kingsley determined that the tumor needed to be removed. Dr. Kingsley informed Villagomes that after the tumor had been removed it would be sent to a laboratory for analysis and that the laboratory results would form the basis for her future treatment.

In March 2006, Dr. Ronald Hofflander removed Villagomes' tumor at Surgicare. After the surgery, the tumor was prepared for transfer to LabCorp for testing and analysis. An Accurate employee, acting on behalf of LabCorp, allegedly picked up the tumor from Surgicare shortly after the surgery. Two weeks later, when Villagomes met with Dr. Hofflander to review the pathology report, Dr. Hofflander informed her that the report had not yet come back from the laboratory. After another two weeks had passed, during which Dr. Hofflander had made several attempts to obtain the pathology report, Villagomes contacted LabCorp directly. According to Villagomes, two different LabCorp employees told her they never received her tumor from Surgicare. Villagomes subsequently contacted Surgicare and was provided with a log sheet indicating that a representative from LabCorp had picked up the tumor at 1:40 pm on the date of her surgery. Villagomes sent this information to LabCorp. Two weeks later, LabCorp informed Villagomes that it had conducted and concluded an investigation and determined that the tumor had been irretrievably lost.

On March 3, 2008, Villagomes filed suit in the Eighth Judicial District Court of the State of Nevada against LabCorp alleging claims for: (1) negligence; (2) negligent infliction of emotional distress ("NIED"); (3) intentional infliction of emotional distress ("IIED"); and (4)

trespass to chattel. On March 26, LabCorp removed the case to this Court based on the diversity of the parties. On July 21, 2009, with leave of the Court, Villagomes filed a Second Amended Complaint in which she named Accurate and Surgicare as defendants. In August and November, Accurate and Surgicare each filed separate Motions to Dismiss (##44, 50). After reviewing those motions, the Court dismissed the IIED and trespass to chattels claims against both Accurate and Surgicare. Now, each of the Defendants brings a separate Motion for Summary Judgment. For the reasons discussed below, the Court grants SurgiCare's motion and grants LabCorp's and Accurate's motions in part and denies each in part.

**DISCUSSION**

I.   **Legal Standard**

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir.1994). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), *cert. denied*, 516 U.S. 1171 (1996). "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288–89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Bank of America v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

The Court will address each Defendants' motion in turn as is necessary.

**II.    LabCorp's Motion for Summary Judgment**

    **A.    Negligence**

To prevail on a claim for negligence, Villagomes must establish that: (1) LabCorp owed her a duty of care; (2) LabCorp breached that duty; (3) the breach was the actual and proximate cause of her damages; and (4) she suffered damages. *Perez v. Las Vegas Medical Center*, 805 P.2d 589, 590–91 (Nev. 1991). LabCorp argues that summary judgment is appropriate because Villagomes cannot demonstrate a duty owed her beyond that of reasonable care. LabCorp also asserts that it exercised reasonable care as a matter of law when it hired Accurate to pick up the tumor specimen. Assuming, *arguendo*, that LabCorp is correct in that it only owed Villagomes a duty of reasonable care, LabCorp still fails to demonstrate that summary judgment is appropriate.

4

1    In its motion, LabCorp focuses its duty arguments solely on hiring Accurate to pick
2 up the specimens LabCorp was hired to analyze. LabCorp asserts that it is undisputed that
3 LabCorp never received Villagomes' tumor specimen from Accurate or Surgicare and, therefore,
4 had no duty towards Villagomes.[1] This is incorrect. What is undisputed is that Accurate picked
5 up two samples from Surgicare (Dkt. #108, Mot. Ex. 6, Wood Dep. 60:12–63:2) and delivered
6 them to LabCorp (*Id.*, Ex. 4, Love Dep. 148:20–23, 150:10-18; Ex. 7, Scalph Dep. 90:19–91:22;
7 Dkt. #117, Resp. Ex. 2, Delivery Confirmation.) LabCorp then asserts that it is undisputed that the
8 samples LabCorp received from Surgicare by way of Accurate were not Villagomes' samples
9 because the lab report determined that the samples were not Villagomes' tumor samples. (Dkt.
10 #108, Ex. 8 (showing labeling of specimens received), Ex. 9 (showing Surgicare's client number),
11 Ex. 10 (pathology report).) However, LabCorp fails to address the possibility that someone at
12 LabCorp tested the wrong samples, mixed up the samples, or otherwise lost Villagomes' tumor
13 samples. In essence, the pathology report merely shows that LabCorp tested a different sample,
14 not that LabCorp did not receive or lose Villagomes' samples after Accurate delivered them. Even
15 assuming that LabCorp acted reasonably in hiring Accurate to pick up the specimens, LabCorp had
16 a duty of reasonable care towards Villagomes in testing her specimens. Therefore, summary
17 judgment is inappropriate since there is a material dispute as to whether LabCorp received the
18 samples.

19    **B.    Negligent Infliction of Emotional Distress**

20    The Court grants summary judgment against Villagomes' NIED claim. To prove
21 NIED, a plaintiff must show "that he or she (1) was located near the scene; (2) was emotionally
22 injured by the contemporaneous sensory observance of the accident; and (3) was closely related to
23 the victim." *Grotts v. Zanher*, 989 P.2d 415, 416 (Nev. 1999). Villagomes, however, claims that

---

[1] LabCorp's arguments regarding not having knowledge of who Villagomes was and comparing this situation to carrier liability are irrelevant. If a defendant needed to know the specific identity of any potential plaintiff, there would almost never be negligence liability.

AO 72
(Rev. 8/82)

1  *Shoen v. Amerco, Inc.*, 896 P.2d 469 (Nev. 1995), allows for NIED claims against direct victims as
2  well as bystanders. This is simply not true. In *Shoen*, the Nevada Supreme Court simply held that
3  a plaintiff can also claim emotional distress damages attached to a common negligence claim. 896
4  P.2d at 477 ("the direct victim should be able to assert a negligence claim that includes emotional
5  distress as part of the damage suffered"). Such damages are commonly referred to as "parasitic
6  damages" and may only attach to negligence claims where there is an underlying harm. *Kennedy
7  v. Carriage Cemetery Services, Inc.*, 727 F. Supp. 2d 925, 934–35 (explaining parasitic damages in
8  negligence claims and that the *Shoen* decision did not extend NIED claims to direct victims.) This
9  is not the same as approving a separate NIED claim for direct victims, which the Nevada Supreme
10 Court has not done. *See id*. Therefore, because Villagomes was not a bystander, the Court grants
11 summary judgment against her NIED claim.

12   **C.**   **Intentional Infliction of Emotional Distress**

13    The Court grants summary judgment against Villagomes on her IIED claim for the
14 same reasons it dismissed the IIED claim against Surgicare and Accurate in the Court's January 5,
15 2010 Order (Dkt. #58). An IIED claim requires that: (1) the defendant engaged in extreme and
16 outrageous conduct with the intent of causing emotional distress or with reckless disregard for the
17 plaintiff's emotional distress; (2) the plaintiff suffered severe or extreme emotional distress as a
18 result; and (3) the defendant's actions were the proximate cause of plaintiff's emotional distress.
19 *Jordan v. State*, 110 P.3d 30, 52 (Nev. 2005).

20    Villagomes has not shown any evidence that LabCorp's actions were extreme or
21 outrageous or that LabCorp acted in reckless disregard of her emotional distress. The test of
22 whether particular acts are sufficiently outrageous is objective, not subjective. *See Maduike v.
23 Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998). Here, Villagomes has provided no evidence
24 that would allow the Court to infer that LabCorp intentionally acted in an extreme or outrageous
25 manner, or even a reckless one. Essentially, Villagomes argues that the mere act of losing her
26 sample is sufficiently extreme and outrageous. This is simply not consistent with case law

AO 72
(Rev. 8/82)

defining extreme and outrageous conduct. Therefore, Villagomes will be unable to prove this claim at trial and, accordingly, the Court grants summary judgment against her IIED claim.

### D. Trespass to Chattels

The Court also grants summary judgment against Villagomes' trespass to chattels claim for the reasons stated in its prior Order (#58). However, Villagomes does not contest that summary judgment is appropriate as to this claim and so the Court will not address it further.

### E. Punitive Damages

Nevada law sets a high threshold for punitive damages, which Villagomes cannot meet. Punitive damages may only be awarded to a plaintiff "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud or malice, express or implied." N.R.S. § 42.005(1). Villagomes claims that punitive damages are available because LabCorp acted with implied malice. "Malice, express or implied means conduct which is intended to injure a person or despicable conduct which is engaged in with a conscious disregard of the rights or safety of others." N.R.S. § 42.001(3); *Countrywide Home Loans, Inc. v. Thitchner*, 192 P.3d 243, 252 (Nev. 2008). Further, Nevada requires "evidence that a defendant acted with a culpable state of mind" that "must exceed mere recklessness or gross negligence" for punitive damages. *Thitchner* 192 P.3d at 255.

Villagomes has failed to present any evidence that LabCorp acted with implied malice or any level of culpable intent as she claims. Instead, Villagomes argues that the loss of her specimen itself is evidence of implied malice. It is not. Therefore, summary judgment is appropriate against the punitive damages claim.

Further, the Court concludes that this analysis as to punitive damages is applicable to Surgicare and Accurate as well. Villagomes has not presented evidence that any Defendant acted with implied malice. Therefore, the Court grants summary judgment against this claim as to those parties as well and will not address the issue below in addressing their respective motions.

/

### III. Surgicare's Motion for Summary Judgment

#### A. Negligent Infliction of Emotional Distress

Before addressing Villagomes' negligence claim against Surgicare, the Court notes that although Surgicare claims that the Court dismissed Villagomes' NIED claim against Surgicare, the Court did not. (Dkt. #58, Order 9:1–2 ("[Surgicare's] Motion to Dismiss Villagomes' claims for negligence and negligent infliction of emotional distress is DENIED.")) However, the Court did not dismiss the claim because Surgicare and Accurate challenged the claim using a statute of limitations defense rather than contesting the claim itself. The Court now determines that Villagomes' NIED claim is flawed as explained above in Section II.B. Since Plaintiff was the direct victim of any negligent act, she cannot maintain an NIED claim. Therefore, the Court grants summary judgment on this claim as to both Surgicare and Accurate.

#### B. Negligence

To prevail on a negligence claim, Villagomes must establish that (1) Surgicare owed plaintiff a duty of care; (2) Surgicare breached that duty; (3) the breach was the actual and proximate cause of her damages; and (4) she suffered damages. *Perez*, 805 P.2d at 590–91 (Nev. 1991). Plaintiff fails on at least two of these elements.

##### 1. Breach

Assuming, without deciding, that Surgicare owed Villagomes a fiduciary type duty as she argues, Villagomes fails to create a factual dispute as to whether Surgicare breached that duty. Villagomes argues that Surgicare gave her misinformation by not informing her that the runner was not LabCorp's employee but instead worked for a different company. However, Villagomes does not dispute that Surgicare informed her that "a runner with the initials which say B.W., appearing on behalf of LabCorp, picked up" her specimen. (Dkt. #109 Ex. B, Pl. Resp. to Interrog. No. 7.) Further, Surgicare claims and Villagomes does not dispute that Surgicare had no direct knowledge of what company the runner worked for. Villagomes also does not dispute the accuracy of the information Surgicare provided her. Villagomes' claim fails because Surgicare

1  provided her accurate and complete information.  Without providing any evidence of
2  misinformation, Villagomes cannot support a claim against Surgicare for negligently providing her
3  misinformation.

        **2.**      **Causation**

5          Villagomes also fails to demonstrate a causal link between her injury and
6  Surgicare's acts.  Villagomes argues that Surgicare's failure to inform her that an Accurate runner
7  rather than a LabCorp runner picked up her specimen caused her to endure a prolonged search for
8  the specimen and exacerbated her anxiety and frustration.  However, Villagomes has provided no
9  evidence that had she known who employed the runner that her search would have been any easier
10 or her stress any less.  Also, Villagomes does not even claim that the discovery of Accurate's role
11 in this incident has alleviated her anxiety or help her find her specimen.

12         Further, in her motion, Villagomes continually discusses the loss of her sample as
13 the cause of her injuries—not Surgicare's failure to tell her who employed the runner.  Yet
14 Villagomes' claim may not incorporate the loss of her tumor specimen against Surgicare because
15 Surgicare prevailed on its statue of limitations defense as to that argument.  (*See* Dkt. #58, Order
16 6:3–8.)  The only claim that Villagomes maintains against Surgicare at this point is for negligently
17 failing to tell her that the runner who picked up her tumor sample was employed by Accurate, not
18 LabCorp as she assumed.  Since Villagomes cannot show a triable issue of material fact as to her
19 remaining negligence claim, the Court grants summary judgment for SurgiCare.

20 **IV.**    **Accurate's Motion for Summary Judgment**
21     **A.**    **Negligence**

22         The only remaining claim against Accurate is Villagomes' negligence claim for
23 negligently losing her tumor specimen.  The same negligence elements apply here as detailed
24 above.  *See Perez*, 805 P.2d at 590–91.  Accurate claims that summary judgment is appropriate
25 because Villagomes has not shown a triable issue of material fact as to causation or damages.  The
26 Court disagrees and declines to grant summary judgment.

Accurate argues that Villagomes has not provided any evidence supporting her claim for damages or any evidence that Accurate's actions caused her alleged damages. Accurate also argues that Villagomes cannot show that 'but for' Accurate's actions, "her injuries would not have occurred." *Sims v. Gen. Tel. & Elec.* 815. P.2d 151, 156 (Nev. 1991), *overruled on other grounds by Tucker v. Action Equip. and Scaffold Co.*, 951 P.2d 1027, 1031 n.4 (Nev. 1997). Accurate makes various arguments about Villagomes not requiring extra medical care, suffering from independent medical ailments, and the like. Although these arguments may persuade a jury on certain issues, factual issues remain as to whether the loss of Villagomes tumor exacerbated her anxiety and was one of the causes leading her doctor to prescribe Valium to treat her anxiety, which also caused her to break out in shingles. (Dkt. #110, Mot. Ex. A-4, Jacobs Dep. 28–33, 39.) Villagomes may have had sufficient stress and anxiety due to her other health problems regardless of whether her tumor sample was lost, but there is evidence in the record to show that the loss contributed to her anxiety which caused her bout of shingles. Therefore, summary judgment based on causation or damages is improper.

### B.  Computation of Damages

Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires plaintiffs to provide "a computation of each category of damages" without waiting for a discovery request. Villagomes failed to ever provide a computation of damages. At most, Villagomes provided the Defendants with personal calender entries regarding her work at Harrah's, some tax documents, tip logs, and time sheets. Further, Villagomes argues that she gave detailed answers about her damages in interrogatories and her deposition. However, Villagomes did not meet Rule 26(a)'s computation requirement by providing these documents and answering the Defendants' questions. The Defendants are not required to compute damages, Rule 26 requires plaintiffs to do so. Nonetheless, this failure is not sufficient to support summary judgment, though it may be sufficient for a motion *in limine* to exclude particular evidence. Therefore, the Court declines to

AO 72
(Rev. 8/82)

enter summary judgment on Villagomes' negligence claim based on her failure to comply with this Rule.

## V. Surviving Claims

Villagomes' only claims that survive summary judgment are her claims against LabCorp and Accurate for negligently losing her tumor. The Court has dismissed or granted summary judgment against every other claim.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that LabCorp's Motion for Summary Judgment (#108) is GRANTED in part and DENIED in part as follows:

- Summary judgment is granted as to the NIED claim, the IIED claim, trespass to chattels claim, and as to the punitive damages claim.
- Summary judgment is denied as to the negligence claim.

IT IS FURTHER ORDERED that Surgicare's Motion for Summary Judgment (#109) is GRANTED as to all claims. As no claims remain against Surgicare, Surgicare is dismissed from this case.

IT IS FURTHER ORDERED that Accurate's Motion for Summary Judgment (#110) is GRANTED in part and DENIED in part as follows:

- Summary judgment is granted as to the NIED claim and the punitive damages claim.
- Summary judgment is denied as to the negligence claim.

Dated: March 8, 2011.

_____
ROGER L. HUNT
Chief United States District Judge